IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DAMIAN TYRONE HAYES,     )
                                       )
                    Plaintiff,  )
                                       )
vs.                                         )     Case No. 10-CV-2581-MLB-KGG
                                       )
BEST BRANDS CORP/CSM,      )
                                       )
                   Defendant.  )
                                       )

## ORDER ON MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES AND MOTION FOR APPOINTMENT OF COUNSEL

In conjunction with his federal court Complaint alleging employment discrimination, Plaintiff Damian Hayes has filed a Motion to Proceed Without Prepayment of Fees (*IFP* Application, Doc. 3, sealed), with an accompanying Affidavit of Financial Status (Doc. 3-1). He also has filed a Motion for Appointment of Counsel. (Doc. 4.) Having reviewed Plaintiff's motions, as well as his Complaint (Doc. 1), the Court is prepared to rule.

I.    **Motion to Proceed *In Forma Pauperis***

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of an action without prepayment of fees, costs, etc., by a person who lacks financial means. 28 U.S.C. § 1915(a). In so doing, the court considers the affidavit of financial status included with the application. *See id.*

There is a liberal policy toward permitting proceedings *in forma pauperis* when necessary to ensure that the courts are available to all citizens, not just those who can afford to pay. *See generally,* **Yellen v. Cooper**, 828 F.2d 1471 (10th Cir. 1987). In construing the application and affidavit, courts generally seek to compare an applicant's monthly expenses to monthly income. *See* **Patillo v. N. Am. Van Lines, Inc**., No. 02-2162, 2002 WL 1162684, at *1 (D.Kan. Apr. 15, 2002); **Webb v. Cessna Aircraft**, No. 00-2229, 2000 WL 1025575, at *1 (D.Kan. July 17, 2000) (denying motion because "Plaintiff is employed, with monthly income exceeding her monthly expenses by approximately $600.00").

In his supporting financial affidavit, Plaintiff indicates he is 37 years old and single. (Doc. 3-1, at 2.) He lists his two nine-year-old children as dependents, stating that he pays a monthly child support payment. (*Id*., at 2, 5.) Plaintiff is currently unemployed and was most recently employed by Defendant, making a modest wage. (*Id*., at 2-3.) Weekly unemployment benefits are his only source of income. (*Id*., at 4.)

Plaintiff owns no real property, but does own two modest automobiles, on which he continues to make monthly payments. (*Id*., at 3-4.) He indicates no cash on hand. (*Id*., at 4.) He enumerates reasonable monthly expenses, including rent, utilities, telephone, automobile insurance, and groceries. (*Id*.) He has never filed

for bankruptcy.

Considering all of the information contained in the financial affidavit, Plaintiff has significant yet reasonable monthly expenses with no current income other than unemployment benefits. Given this notable financial shortfall, the Court finds that Plaintiff has established that he is entitled to file this action without payment of fees and costs. Therefore, the Court **GRANTS** Plaintiff leave to proceed *in forma pauperis* and directs that this case be filed without payment of a filing fee.

## II.     Motion for Appointment of Counsel.

The Tenth Circuit has identified four factors to be considered when a court is deciding whether to appoint counsel for an individual: (1) plaintiff's ability to afford counsel, (2) plaintiff's diligence in searching for counsel, (3) the merits of plaintiff's case, and (4) plaintiff's capacity to prepare and present the case without the aid of counsel. ***McCarthy v. Weinberg***, 753 F.2d 836, 838-39 (10th Cir. 1985) (listing factors applicable to applications under the IFP statute); ***Castner v. Colorado Springs Cablevision***, 979 F.2d 1417, 1421 (10th Cir. 1992) (listing factors applicable to applications under Title VII). Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments. The indiscriminate appointment of

volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time. ***Castner***, 979 F.2d at 1421.

The Court is satisfied that Plaintiff diligently searched for counsel. (*See* Doc. 4.) Further, the Court has determined that Plaintiff has a limited ability to afford counsel. (*See* § I, above.) The Court sees no glaring concerns on the face of Plaintiff's federal court Complaint. (Doc. 1.) As such, the analysis will turn on the final ***Castner*** factor – Plaintiff's capacity to represent himself. 979 F.2d at 1420-21.

In considering this factor, the Court must look to the complexity of the legal issues and Plaintiff's ability to gather and present crucial facts. *Id.*, at 1422. The Court notes that the factual and legal issues in this employment discrimination case are not unusually complex. *See* ***Kayhill v. Unified Govern. of Wyandotte***, 197 F.R.D. 454, 458 (D.Kan. 2000) (finding that the "factual and legal issues" in a case involving a former employee's allegations of race, religion, sex, national origin, and disability discrimination were "not complex").

The Court sees no basis to distinguish Plaintiff from the many other untrained individuals who represent themselves *pro se* in Courts throughout the United States on any given day. To the contrary, Plaintiff has shown his ability to represent himself by drafting his agency charge of discrimination and federal court

4

Complaint, which set out the operative facts to support his claims. (*See generally*, Doc. 1.) Further, although Plaintiff is not trained as an attorney, and while an attorney might present his case more effectively, this fact alone does not warrant appointment of counsel.

The Court therefore finds that Plaintiff appears to be an articulate individual with the ability to gather and present facts crucial to his case. As such, his Motion to Appoint Counsel is **DENIED without prejudice** to renewal later in these proceedings should Plaintiff provide the Court with a sufficient showing of special circumstances that would warrant the appointment of counsel.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Proceed Without Prepayment of Fees (Doc. 3, sealed) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk's office shall proceed to issue summons in this case.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel (Doc. 5) is **DENIED**, without prejudice, as discussed above.

IT IS SO ORDERED.

Dated at Wichita, Kansas, on this 22nd day of November, 2010.

                                                 s/ KENNETH G. GALE
                                                 KENNETH G. GALE
                                                 United States Magistrate Judge