## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **DAMIAN TYRONE HAYES,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION** |
| **v.** ) | |
| ) | **Case No.  10-2581-CM** |
| **BEST BRANDS CORP.,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

## MEMORANDUM AND ORDER

Plaintiff Damian Tyrone Hayes brings this employment discrimination action pro se under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), claiming that when he worked for defendant Best Brands Corp., he was subjected to retaliation and a hostile work environment because of his gender.  He further claims that his employment was eventually terminated because of his gender.  Defendant filed a Motion for Summary Judgment (Doc. 23), claiming that plaintiff did not exhaust his administrative remedies with respect to his hostile work environment claim, and that plaintiff cannot make a prima facie showing of retaliation or sex discrimination.  For the following reasons, the court grants defendant's motion.

## I. FACTUAL BACKGROUND[1]

Plaintiff is a male who began working full-time for defendant in 2009.  He began in a temporary position in 2008, but transitioned to a full-time position in April 2009.  He had two supervisors during his time with defendant: Paul Brake and Karen Ballard.

Per defendant's company policy, employees were expected to "act in a mature and

---

[1]  The court construes the facts in the light most favorable to plaintiff as the non-moving party pursuant to Fed. R. Civ. P. 56.  The court has included only those facts which are relevant, material, and properly supported by the record.

responsible manner." The policy prohibited employees from engaging in threatening, intimidating, indifferent, disorderly, or rude conduct toward co-workers. Under defendant's disciplinary policy, management could "skip steps" in the progressive policy. And after one year of working with no disciplinary action, previous disciplinary action dropped off an employee's record.

Two months into plaintiff's full-time employment with defendant—on June 2, 2009—Supervisor Brake issued plaintiff a Corrective Action Notice at the level of a Written Reprimand when plaintiff left a meeting without permission and made a comment that Supervisor Brake felt was disruptive and disrespectful.

About six weeks later, in July 2009, plaintiff ruined some of defendant's product (batter for baked goods). Supervisor Brake issued plaintiff a second Corrective Action Notice on July 14, 2009.

In late June 2009, plaintiff applied for a transfer to the day shift. On July 17, 2009, plaintiff called Operations Manager Tim Stuart and told him that he thought he was being discriminated against. Plaintiff thought that Supervisor Ballard—who is female—did not want him on the day shift and was "doing whatever she could do to prevent that." Plaintiff believed that Supervisor Ballard encouraged two of plaintiff's male co-workers to apply for the same position. Hours after complaining to Mr. Stuart, plaintiff was awarded the day shift job.

On October 1, 2009, plaintiff was involved in a loud dispute with two of his female co-workers, Tracy Coventon and Markita Fantroy. Management could hear the exchange, and they intervened. They then investigated the incident, taking written statements from plaintiff and other employees. In plaintiff's statement, he portrayed Ms. Fantroy as the aggressor and mentioned Ms. Coventon briefly. Neither Ms. Fantroy nor Ms. Coventon had disciplinary action in the one-year

period preceding the October 1 incident.

Defendant ultimately terminated plaintiff's employment after the incident. Ms. Fantroy was issued a Corrective Action notice. Defendant took no action against Ms. Coventon. Following plaintiff's termination, plaintiff claims that Supervisor Ballard gave Ms. Fantroy and Ms. Coventon a "thumbs up" and later said, "Yes, we got him out of here." Defendant replaced plaintiff with another male employee—Joseph Manis.

## II. STANDARDS FOR JUDGMENT

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In applying this standard, the court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

Plaintiff acts pro se in this case, requiring the court to be cognizant of additional factors. *See Auld v. Value Place Prop. Mgmt. LLC*, No. 09–1139–EFM, 2010 WL 610690, at *2 (D. Kan. Feb. 19, 2010). "A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Id.* (quoting *Hall v. Belmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). It is not the district court's responsibility, however, to act as an advocate for the pro se litigant. *See id.* The court should not formulate arguments for the plaintiff if the plaintiff does not mention those theories or claims. *See id.*

## III. DISCUSSION

As an initial matter, the court notes that plaintiff attempts to raise a race discrimination claim in his response to defendant's summary judgment motion. (*See* Doc. 28, at 9–10.) Plaintiff did not

preserve a claim based on race in the pretrial order.  (*See* Doc. 26, at 1, 7.)  He also specifically indicated in his deposition that he was <u>not</u> asserting a race-based claim.  For these reasons, the court will not consider the merits of plaintiff's allegations of racial discrimination, and will instead discuss only plaintiff's gender-based claims.

**A.     Retaliation and Discrimination Claims**

Title VII provides that "[i]t shall be an unlawful employment practice for an employer . . . to discharge any individual, or otherwise to discriminate against any individual . . . because of such individual's . . . sex."  42 U.S.C. § 2000e–2(a)(1).  Although Title VII is a remedial statute entitled to liberal construction, *see Jackson v. Cont'l Cargo–Denver*, 183 F.3d 1186, 1189 (10th Cir. 1999), it should not be treated as a "general civility code" and should be "directed only at discrimination because of sex," *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 80 (1998); *Etsitty v. Utah Transit Auth.*, 502 F.3d 1215, 1220–21 (10th Cir. 2007) (quotation omitted).

As in this case, where direct evidence of discrimination is absent, the court analyzes Title VII claims under the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).  *See Etsitty*, 502 F.3d at 1220.  Under that framework, the plaintiff must initially establish a prima facie case of discrimination.  *McDonnell Douglas Corp.*, 411 U.S. at 802.  Then, defendant must offer a legitimate, nondiscriminatory reason for its employment decision.  *Id.* at 802–03; *Randle v. City of Aurora*, 69 F.3d 441, 451 (10th Cir. 1995).  If the defendant does so, then the burden reverts to the plaintiff "to show that there is a genuine dispute of material fact as to whether the employer's proffered reason for the challenged action is pretextual, i.e., unworthy of belief." *Marx v. Schnuck Mkts., Inc.*, 76 F.3d 324, 327 (10th Cir. 1996).

**1.     *Retaliation***

The court first addresses plaintiff's claim of retaliation.  To establish a prima facie case of

retaliation, plaintiff must show that (1) he engaged in protected opposition to discrimination; (2) he suffered an adverse employment action; and (3) there is a causal connection between the protected activity and the adverse employment action. *Fye v. Okla. Corp. Comm'n*, 516 F.3d 1217, 1227 (10th Cir. 2008). The protected opposition must be specific: "In order to allege protected activity, plaintiff must present evidence showing defendant knew that [his] concern or complaints related in some way to gender and that [he] claimed being discriminated against on that basis." *Stahl v. Bd. of Comm'rs of Unified Gov't of Wyandotte Cnty.*, 244 F. Supp. 2d 1181, 1190 (D. Kan. 2003).

Here, plaintiff's retaliation claim fails because he did not specifically complain of gender discrimination. He told Operations Manager Stuart that he felt discriminated against, but he did not know why. (Pl. Dep. 34:2–9; 42:16–17.) Even if his complaint could be stretched to be one of protected opposition, plaintiff did not suffer an adverse employment action. Shortly after complaining, he received the position he sought. Plaintiff has denied claiming that his termination was retaliatory. (*Id.* at 156:9–158:1.) And both of his disciplinary actions occurred before he complained.

Plaintiff's retaliation claim fails for the reasons identified above.

## 2.    *Discrimination*

The court next turns to plaintiff's claim of gender discrimination. Ordinarily, to establish a prima facie case of gender discrimination, plaintiff must prove membership in a protected class; an adverse employment action; and circumstances giving rise to an inference of discrimination. *EEOC v. PVNF, L.L.C.*, 487 F.3d 790, 800 (10th Cir. 2007). In this case, because plaintiff claims reverse discrimination, his burden is higher:

> [A] plaintiff alleging reverse discrimination must, in lieu of showing that he belongs to a protected group, establish background circumstances showing an inference that the defendant is one of those unusual employers who discriminates against the

> majority.  Alternatively, a plaintiff may produce facts sufficient to support a
> reasonable inference that but for plaintiff's status the challenged decision would not
> have occurred.

*Argo v. BCBS of Kan., Inc.*, 452 F.3d 1193, 1201 (10th Cir. 2006) (quotations and citations omitted).

Plaintiff was disciplined twice and terminated.  He has offered no evidence that casts any doubt on the legitimacy of the two disciplinary infractions.  Neither has he suggested that women committed similar infractions and were treated differently.  Moreover, Supervisor Brake—a male—imposed both disciplines.  *See Almon v. Goodyear Tire & Rubber Co.*, No. 07-4101-SAC, 2009 WL 1421199, at *7 (D. Kan. May 20, 2009) ("[P]roof that the decisionmaker is the same [gender] as the plaintiff considerably undermines the probability that [sex] was a negative factor in the employment decision.").

As for his termination, plaintiff claims that two women were treated more favorably.  But neither woman had any disciplinary action within the previous year, distinguishing their situations from plaintiff's.  The court compares similarly situated individuals.  "Work histories, company policies applicable to the plaintiff and the comparator[s], and other relevant employment circumstances should be considered when determining whether employees are similarly situated."  *Green v. New Mexico*, 420 F.3d 1189, 1194 (10th Cir. 2005).  Ms. Fantroy and Ms. Coventon were not similarly situated to plaintiff, as their disciplinary histories were different from his.  And plaintiff's position was filled by another male, suggesting that plaintiff's termination was not gender-related.  *See Haug v. City of Topeka, Equip. Mgm't Div.*, 13 F. Supp. 2d 1153, 1165 (D. Kan. 1998).

For these reasons, the court determines that plaintiff has failed to establish a prima facie case of discrimination.  The court grants summary judgment on this claim.

**B.     Hostile Work Environment Claim - Exhaustion**

Finally, the court examines plaintiff's hostile work environment claim and whether plaintiff exhausted his administrative remedies regarding the claim. Exhaustion of administrative remedies is required before instituting a Title VII action in federal court. *Khader v. Aspin*, 1 F.3d 968, 970 (10th Cir. 1993). Specifically, a litigant must file a claim with the Equal Employment Opportunity Commission ("EEOC") within 300 days of the allegedly discriminatory conduct before he may proceed in federal court. *Duncan v. Manager, Dep't of Safety*, 397 F.3d 1300, 1308 (10th Cir. 2005) (citing 42 U.S.C. § 2000e-5(e)(1)). This timely filing is a "prerequisite to a civil suit." *Croy v. Cobe Labs., Inc.*, 345 F.3d 1199, 1202 (10th Cir. 2003).

Plaintiff did not include a hostile work environment claim in his charges of discrimination filed with the EEOC or the Kansas Human Rights Commission. He claimed only that he was disciplined and terminated because of his sex and in retaliation for opposing acts of discrimination. His hostile work environment claim is based on a separate series of facts, and it is not "reasonably related" to his exhausted claims. The court therefore grants summary judgment on it.

In any event, even if plaintiff had properly exhausted his hostile work environment claim, the court would grant summary judgment on it. "To establish a claim of sexual harassment, plaintiff must prove that [he] was harassed on account of [his] sex and that the harassment affected a term, condition, or privilege of [his] employment." *Henderson v. Int'l Union*, 263 F. Supp. 2d 1245, 1279 (D. Kan. 2003). Plaintiff testified in deposition that Ms. Fantroy and Ms. Coventon "were bullies" to everyone—both men and women. (Pl. Dep., at 47:2-22.) But general harassment is not actionable. *Bolden v. PRC, Inc.*, 43 F.3d 545, 551 (10th Cir. 1994). In addition to any harassment not being gender-based, plaintiff also has not offered evidence that any harassment was "severe or pervasive" enough to be actionable harassment under Title VII. *See Nicely v. Rumsfield*, No. 04-1384-WEB, 2005 WL 1606590, at *3 (D. Kan. July 8, 2005); *Freeman v. Kansas*, 128 F. Supp. 2d

1311, 1323–24 (D. Kan. 2001).

For these alternative and independent reasons, the court grants summary judgment on plaintiff's claim of hostile work environment.

**IT IS THEREFORE ORDERED** that defendant's Motion for Summary Judgment (Doc. 23) is granted.  The case is closed.

Dated this 26th day of August 2011, at Kansas City, Kansas.

<u>**s/ Carlos Murguia**</u>
**CARLOS MURGUIA**
**United States District Judge**